Richard B. PALLACK and Richard B. Pallack Inc., Plaintiffs— Appellees,

v.

HOMESTEAD INSURANCE COMPANY, Defendant— Appellant.

No. 02–55777.

D.C. No. CV–02–02463–MLR.

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2003.*

Decided April 17, 2003.

Before RYMER, KLEINFELD, and FISHER, Circuit Judges.

MEMORANDUM**

Homestead Insurance Company appeals the district court's *sua sponte* order abstaining from exercising jurisdiction over this breach of contract action and remanding it to state court. We have jurisdiction under 28 U.S.C. § 1291.[1] "We review de novo whether the requirements for abstention have been met[,]" *City of Tucson v. U.S. W. Communications, Inc.,* 284 F.3d 1128, 1132 (9th Cir.2002), and we reverse and remand.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

1. A district court order remanding a case on the basis of abstention is an appealable collateral order under 28 U.S.C. § 1291. *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 712– 14, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996).

Because the plaintiffs in this breach of contract action seek only compensatory damages, the district court erred by dismissing the action on the basis of abstention and remanding it to state court. *See Quackenbush,* 517 U.S. at 731 ("federal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary"). Accordingly, we reverse the district court's abstention order and remand for further proceedings.

**REVERSED and REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the